Citation Nr: 1527859 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 06-24 408 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a heart condition other than ischemic heart disease, claimed as atrial fibrillation, to include as secondary to service-connected posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for hypertension, to include as secondary to service-connected PTSD.

3. Entitlement to service connection for erectile dysfunction, to include as secondary to service-connected PTSD and/or to exposure to herbicides.

4. Entitlement to service connection for chronic obstructive pulmonary disease (COPD), to include as secondary to service-connected PTSD.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

D. M. Donahue Boushehri, Counsel 


INTRODUCTION

The Veteran served on active duty with the United States Army from February 1968 to November 1969, to include a tour of duty in Vietnam.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a September 2005 rating decision by a Regional Office (RO) of the United States Department of Veterans Affairs (VA), which in pertinent part denied service connection for jock itch, foot fungus, PTSD, erectile dysfunction, COPD, hypertension, atherosclerotic heart disease (ASHD), atrial fibrillation, and a back condition.

In a July 2010 and September 2014 decisions, the Board remanded the matters for further development.

The claims were previously before the Board in April 2012, service connection was denied. The Veteran appealed these denials to the Court of Appeals for Veterans Claims (CAVC or the Court). In September 2013, the parties entered into a settlement agreement, in which VA agreed that service connection for PTSD should be granted. The parties then filed a Joint Motion for Partial Remand; in October 2013, on the basis thereof, the CAVC in October 2013 vacated and remanded for further consideration those portions of the Board decision which denied service connection for heart disabilities other than ischemic heart disease (IHD), erectile dysfunction, COPD, and an acquired psychiatric disorder other than PTSD. In a March 2014 decision, the AOJ implemented the terms of the parties' settlement agreement and granted service connection for major depressive disorder, anxiety disorder, and adjustment disorder, in addition to PTSD.

The remaining claims are now once again before the Board; the issue with regard to 'heart disabilities' other than IHD has been recharacterized to separate out the claim of service connection for hypertension, which is a cardiovascular disease but not a disease of the heart.

The issue of an earlier effective date for the grant of a 10 percent rating for a service-connected sinus disability was noted to have been raised by the record in the April 2012 and September 2014 Board decisions. As the claim had not been adjudicated by the Agency of Original Jurisdiction (AOJ), the Board did not have jurisdiction over it, and it was referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b). As it does not appear any action has yet been taken by the AOJ, the matter is again referred.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board remanded the claims in September 2014 for VA examinations. Although the Veteran was scheduled for VA examinations in November 2014, a notation in the file indicates Veteran contacted the VAMC and stated he was cancelling the examinations due to illness, and to cancel his claims. The AOJ attempted to contact the Veteran to clarify if there was a withdrawal request, but was unable to do so. A February 2015 SSOC continued to deny the claims. In a March 2015 letter, the Veteran asserted he was unaware of the previous examinations and requested the examinations be rescheduled. The Board is remanding the claims so that the examinations may be rescheduled. 

Additionally, although private treatment records from the North Okaloosa Medical Center were received and added to the claims file, the Veteran also identified private treatment from Flowers Hospital. The private records were requested, but no response was obtained. The Veteran was notified of this development in April 2015. As the claims are being remanded, the AOJ should request the records from Flowers Hospital one more time. 

Accordingly, the case is REMANDED for the following action:

1. Request and associate with the claims file any relevant treatment records from Flowers Hospital dated from March 2014. If the requested records are unavailable, the AOJ must notify the appellant and his representative in accordance with the provisions of 38 U.S.C.A. § 5103A(b) (West 2014); 38 C.F.R. § 3.159(e) (2014).

2. Schedule the Veteran for VA heart and hypertension examinations. The claims file must be reviewed in conjunction with the examination. If the examiner does not have access to the electronic VBMS and VVA systems, physical records must be produced for review.

The examiner must:

a) Identify any currently diagnosed heart condition other than IHD, and opine as to whether it is at least as likely as not that any such are caused or aggravated by service (to include exposure to herbicides) or by service-connected PTSD or IHD. The presence of atrial fibrillation and its etiology must be discussed.

b) Opine as to whether it is at least as likely as not that currently diagnosed hypertension is caused or aggravated by service (to include exposure to herbicides) or by service-connected PTSD or IHD. 

3. Schedule the Veteran for a VA genitourinary examination. The claims file must be reviewed in conjunction with the examination. If the examiner does not have access to the electronic VBMS and VVA systems, physical records must be produced for review.

The examiner must opine as to whether it is at least as likely as not currently diagnosed erectile dysfunction is caused or aggravated by service (to include exposure to herbicides) or by service-connected PTSD.

4. Schedule the Veteran for a VA respiratory examination. The claims file must be reviewed in conjunction with the examination. If the examiner does not have access to the electronic VBMS and VVA systems, physical records must be produced for review.

The examiner must opine as to whether it is at least as likely as not currently diagnosed COPD is caused or aggravated by service (to include exposure to herbicides) or by service-connected PTSD.

The examiner must specifically discuss whether smoking was caused or aggravated by PTSD. If the examiner is not qualified to reach a conclusion regarding such, a consultation with an appropriate psychiatric examiner should be secured.

5. Review the claims file to ensure that all of the foregoing requested development is completed, and arrange for any additional development indicated. Then readjudicate the claims on appeal. If any of the benefits sought remain denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).